# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| Plaintiff,   ) | Case No.  2:14-cr-00141-GMN-CWH |
| vs.   ) | **ORDER** |
| MIGUEL ANGEL ALVARADO, et al.   ) | |
| Defendants.   ) | |

    This matter is before the Court on Defendant Miguel Angel Alvarado's ("Alvarado") Motion for Relief for Prejudicial Joinder (#81), filed December 29, 2014, and the Government's Response, (#83), filed January 8, 2014.

## BACKGROUND

    In the instant case, Defendants Jose Garcia-Barrera, Manual Gurrola-Miranda, Arturo Garcia-Gamboa, Jesus Hector Guzman-Ramos, Jose Blas Garcia-Angula and Alvarado are charged in count one of the Indictment with Conspiracy to Distribute a Controlled Substance (methamphetamine) in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(C) and 21 U.S.C. § 846. (#40).  Defendants Garcia-Barrera and Garcia-Angula are charged in count two with Distribution of a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B). Defendants Garcia-Barrera, Garcia-Gamboa, Guzman-Ramos, and Alvarado are charged in count three with Possession with Intent to Distribute a Controlled Substance (methamphetamine) in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).  By way of this motion, Defendant Alvarado requests that the Court sever his case from that of his co-defendants.

## DISCUSSION

    Federal Rule of Criminal Procedure 8 allows the joinder of defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions

constituting an offense or offenses." Fed. R. Crim. P. 8(b).  Rule 8 is construed broadly in favor of initial joinder.  *United States v. Vasquez-Velasco*, 15 F.3d 833, 844 (9th Cir. 1994) (citations omitted).  "Generally, defendants who are indicted together in federal court should be jointly tried." *United States v. Tootick*, 952 F.2d 1078, 1080 (9th Cir. 1991) (citation omitted).  "Joinder is favored in federal criminal cases largely for reasons of judicial economy and efficiency, despite some degree of bias inherent in joint trials."  *Id*. (citations omitted).

Rule 14 provides relief from joinder through severance.  Fed. R. Crim. P. 14(a) ("If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendant's trial, or provide any other relief that justice requires.").  The defendant bears the heavy burden of demonstrating that "a joint trial is so manifestly prejudicial that the trial judge is required to exercise his or her discretion in only one way - by severing the trial." *United States v. Castro*, 887 F.2d 988, 996 (9th Cir. 1989) (citation omitted).  "A defendant must show clear, manifest or undue prejudice and violation of a substantive right resulting from the failure to sever." *Id*. (citation omitted).  "The test is whether joinder is so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever."  *United States v. Kenny*, 645 F.2d 1323, 1345 (9th Cir. 1981) (citing *United States v. Brashier*, 548 F.2d 1315, 1323 (9th Cir. 1976)).  "A joint trial is particularly appropriate where the co-defendants are charged with conspiracy, because the concern for judicial efficiency is less likely to be outweighed by possible prejudice to the defendants when much of the same evidence would be admissible against each of them in separate trials."  *United States v. Fernandez*, 388 F.3d 1199, 1242 (9th Cir. 2004), *modified by* 425 F.3d 1248 (9th Cir. 2005).  Further, "[j]oinder of charges against multiple defendants is particularly appropriate when the charges involve substantially overlapping evidence."  *United States v. Golb*, 69 F.3d 1417, 1425 (9th Cir. 1995) (citations omitted).

Alvarado argues that severance is appropriate to avoid the danger of "guilt by association."  He claims that he will be prejudiced without severance because the jury will consider his co-defendants' conduct and then presume that an equal amount of evidence must exist against him.

He specifically indicates that the jury will hear considerable "spillover" evidence about Garcia-Barrera and Garcia-Angula's prior dealings with an undercover agent and the prior sale of approximately 500 grams of methamphetamine on February 13th, an offense for which Alvarez was not charged. He also argues that the jury will not be able to compartmentalize his co-defendants prior drug sales and the fact that Alvarado was arrested at the same time as his co-defendants. The Government opposes severance arguing that Alvarado has not identified any evidence against him that the jury would not be able to compartmentalize.

From his motion, it appears Alvarado believes the evidence is stronger as against his co-defendants than it is against him. Even so, that fact, standing alone, is not sufficient to justify severance. *See United States v. Marcello*, 731 F.2d 1354, 1360, (9th Cir. 1984) ("The mere fact that there may be more incriminating evidence against one codefendant than another does not provide a sufficient justification for separate trials."). Rather, the focus is on "whether the jury can reasonably be expected to compartmentalize the evidence as it relates to separate defendants in the light of its volume and limited admissibility." *United States v. Ramirez*, 710 F.2d 535, 546 (9th Cir. 1983) (citations omitted). "The prejudicial effect of evidence relating to the guilt of codefendants is generally held to be neutralized by careful instruction by the trial judge." *United States v. Hernandez*, 952 F.2d 1110, 1116 (9th Cir. 1991) (quoting *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980)). "A defendant seeking severance based on the 'spillover' effect of evidence admitted against a co-defendant must also demonstrate the insufficiency of limiting instructions given by the judge." *United States v. Hanley*, 190 F.3d 1017, 1027 (9th Cir. 1999), *superceded on other grounds by regulation*, (internal citations and quotations omitted).

Here, there is nothing to suggest that the potential prejudice identified by Alvarado cannot be cured by a limiting instruction. In fact, Alvarado makes no argument how a limiting instruction would not cure the potential risk of prejudice or be inadequate. It is not enough to show that separate trials would create a better chance for acquittal. Severance is not warranted based solely upon the spillover rationale proffered by Alvarado. The Court has carefully weighed the reasons proffered in support of severance. Alvarado has not met the "heavy burden" of demonstrating that joinder is so manifestly prejudicial that severance is required. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Miguel Angel Alvarado's Motion for Relief from Prejudicial Joinder (#81) is **denied**.

DATED: February 4, 2015.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**